IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FELICIA PARKS                                                                PLAINTIFF

V.                                       CAUSE NO.: 3:11CV072-SA-DAS

CITY OF OXFORD, MISSISSIPPI;
JOHNNY SOSSAMAN, in his official and individual
Capacities; BAPTIST MEMORIAL
HOSPITAL-NORTH MISSISSIPPI, INC., and
JOHN DOES 1-10                                         DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed this lawsuit on June 6, 2011, alleging she was transported to Baptist Memorial Hospital – North Mississippi (BMH-NM) against her will and administered medical treatment for which she did not consent. The City of Oxford and Officer Johnny Sossaman (the Municipal Defendants) filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment [13] which this Court has granted. While conducting discovery on issues from that first motion to dismiss, Defendant Baptist Memorial Hospital – North Mississippi (BMH-NM) filed the pending Motion to Dismiss [26]. After reviewing the motions, responses, record, rule, and authorities, the Court finds that BMH-NM's motion is GRANTED, and the claims asserted against that party are dismissed.

*Factual and Procedural Background*

On June 6, 2010, Felicia Parks' neighbor called 911 requesting an ambulance for Parks. On the call, the neighbor asserts that Parks shot up with cocaine, took at least four prescription Xanax pills, and is "trying to get into her car and we can't stop her . . . ." She further commented that she was concerned that Parks was "going to die." An ambulance was dispatched to Felicia

Parks' house. Police officer Johnny Sossaman, as well as up to two other officers, were also dispatched to Parks' residence as part of an "ambulance assist."

When the emergency personnel arrived at her residence, Parks refused medical treatment. Parks contends that Sossaman threatened to arrest her for disorderly conduct and failure to cooperate with law enforcement if she did not get into the ambulance and go to the hospital. Parks claims she refused treatment during the EMTs initial examination, upon transport to the hospital, and also at the hospital. Despite her protestations, she was later billed by BMH-NM for medical treatment that she contends she did not consent to.

Parks brought a 42 U.S.C. § 1983 claim against BMH-NM for violations of her Fourth Amendment and Emergency Medical Treatment and Active Labor Act (EMTALA) rights, civil conspiracy, assault and battery, invasion of privacy, false arrest, false imprisonment, and negligent and intentional infliction of emotional distress. BMH-NM contends Parks has failed to surpass the Rule 12(b)(6) burden with her pleadings.

*Legal Standards*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. Lone Star Fund, 594 F.3d at 387 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

2

*Discussion and Analysis*

Parks argues that BMH-NM, together with the Municipal Defendants, took joint and concerted actions to deprive her of her rights under the Fourth Amendment and the EMTALA. Parks argues she was illegally arrested without probable cause and seized by being forced into the ambulance and administered unwanted medical treatment. It is undisputed that Parks has a clearly established constitutional right to be free from arrest without probable cause. See Hebert v. Maxwell, 214 F. App'x 451, 454 (5th Cir. 2007). However, as noted in an earlier memorandum opinion, the Court found probable cause to arrest Parks for ingesting a controlled substance in violation of Mississippi law. Accordingly, any arrest, therefore, was not in violation of Parks' constitutional rights. Because the Court finds the arrest was not unlawful, Parks' false arrest claims against BMH-NM fail.

Parks additionally contends that BMH-NM administration of medical treatment violated her right to refuse medical treatment under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd *et seq*. That statute imposes a duty to provide emergency medical care to any and all patients by participating hospitals. Indeed, if a "request is made on the individual's behalf for examination or treatment for a medical condition, the hospital *must* provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency medical condition . . . exists." 42 U.S.C. §1395dd(a) (emphasis added). The second subsection provides procedures necessary, such as stabilizing treatment or transfer to another medical facility, when an emergency medical condition is found. As part of that subsection, a provision allowing the

refusal of consent to stabilizing treatment is described. This subsection is presumably the statutory authority Parks relies on to establish her constitutional right to refuse treatment.

Plaintiff's first hurdle in this 12(b)(6) inquiry is a non-profit hospital's liability under color of state law pursuant to Section 1983. Regardless of whether or not a defendant's actions alone caused a constitutional violation, liability can be imposed to that defendant as an alleged member in the conspiracy. Latiolais v. Cravins, 2012 U.S. App. Lexis 16481, *21 (5th Cir. Aug. 8, 2012) (citing Hale v. Townley, 45 F.3d 914, 920-21 (5th Cir. 1995). To prove a conspiracy under 42 U.S.C. § 1983, a plaintiff must show: (1) "an agreement between private and public defendants to commit an illegal act," and (2) "an actual deprivation of constitutional rights." Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). On the facts as alleged in the complaint, the Plaintiff fails to allege the existence of an agreement between BMH-NM and the City of Oxford to violate Parks' constitutional rights. Because it is the Plaintiff's burden to allege facts and to show that her right to relief is plausible on its face at this set of the proceedings, the Court dismisses Parks' Section 1983 claims against BMH-NM for failing to show any agreement to deprive Parks of her constitutional rights. Moreover, as the Court has found that Parks' constitutional rights under the Fourth Amendment were not violated by an unlawful arrest or forced medical treatment, the Court dismisses Parks' civil conspiracy claims against BMH-NM. See Rodriguez v. Neeley, 169 F.3d 220, 222 (5th Cir. 1999) (finding that without a deprivation of plaintiffs' constitutional rights, no civil conspiracy claim could survive).

*False Imprisonment*

False imprisonment only has two elements: "detention of the plaintiff and the unlawfulness of such detention." Morgan v. Greenwaldt, 786 So. 2d 1037, 1042 (Miss. 2001) citations omitted). Plaintiff asserts that she was "not free from the restraint of movement and

4

was imprisoned against her will." Parks attempts to put forth additional arguments to the Court in her response to the motion to dismiss, but at this stage of the proceeding, the Court is bound by her initial pleading. Twombly, 550 U.S. at 570, 127 S. Ct. 1955. Therefore, under the standards elucidated in Iqbal and Twombly, Parks has failed to state a claim for which relief can be granted based on her vague assertions. Id, 127 S. Ct. 1955 ("[a]sking for plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading state; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]).*

*Assault and Battery*

An assault occurs where a person "(1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." Morgan, 786 So. 2d at 1043 (citing Webb v. Jackson, 583 So. 2d 946, 951 (Miss. 1991). In her complaint, Parks recites these same elements without explaining exactly what conduct supports the claim. Therefore, without further explanation, the Plaintiff's assault and battery claim is dismissed.

*Remaining State Law Claims*

Parks also makes a claim for emotional distress, both intentional infliction and negligent infliction, invasion of privacy, negligence and gross negligence. As she did for the other claims, Plaintiff has simply recited the elements necessary to prove a claim of this nature without informing the Defendants of the conduct she relies on in making those allegations. Accordingly, the Court dismisses these claims for failing to comply with the requirements of Iqbal/Twombly.

*Conclusion*

Parks has failed to allege constitutional violations required for a Section 1983 claim. Moreover, Plaintiff has failed to comply with the standards elucidated in Iqbal and Twombly as to her state law claims. Accordingly, BMH-NM's Motion to Dismiss [26] is GRANTED.

SO ORDERED, this the 9th day of January, 2013.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**