IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BAPTIST MEMORIAL HOSPITAL –
NORTH MISSISSIPPI, INC.,                                                               COUNTER-PLAINTIFF

V.                             CAUSE NO.: 3:11CV072-SA-DAS

FELICIA PARKS                                            COUNTER-DEFENDANT

MEMORANDUM OPINION

Felicia Parks filed a lawsuit against the City of Oxford, Mississippi, Officer Johnny Sossaman, as well as Baptist Memorial Hospital – North Mississippi pursuant to 42 U.S.C. Section 1983. The Court dismissed all those claims by Order dated January 9, 2013 [44]. Baptist Memorial Hospital – North Mississippi filed a counterclaim seeking to collect on the hospital bill incurred by Plaintiff in the amount of $1,772.95. Plaintiff requests a dismissal of the counterclaim pursuant to this Court's discretionary exercise of supplemental jurisdiction. BMH-NM contests that dismissal and seeks summary judgment on the counterclaim.

The Court will exercise jurisdiction over this matter pursuant to its discretionary authority under 28 U.S.C. Section 1367(a), as the case forms part of the same case or controversy for which the Court had original jurisdiction. Further, BMH-NM's Motion for Summary Judgment is GRANTED for the following reasons:

*Factual and Procedural Background*

Felicia Parks received medical treatment and services at BMH-NM on June 6, 2010. As part of her admission to the hospital, she signed an agreement stating that she accepted financial responsibility for services provided to her. In particular, that Agreement stated:

> The undersigned . . . in consideration for the services rendered to the above named patient, accept financial responsibility and agree to pay in advance any applicable deductibles, copayments, coinsurance and estimated self pay

>dollars and to pay in arrears the facility's rates and terms for services rendered to the patient upon a receipt of a statement for such charges. The undersigned further agree that if such indebtedness is placed in the hands of a collector or an attorney for collection, the undersigned will pay reasonable attorney fees, interest, court costs and other collection cost and expenses . . . .

It is undisputed that Plaintiff incurred medical bills in the amount of $1,722.95 for her admission and treatment at BMH-NM on June 6, 2010. Parks contends that because she did not consent to medical treatment, she should not be liable for the amount of medical costs incurred. BMH-NM seeks summary judgment on the counterclaim.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The court is only obligated to consider cited materials but may consider other materials in the record. Id. at 56(c)(3). The court must resolve factual

2

controversies in favor of the nonmovant "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Discussion and Analysis*

BMH-NM contends it is due summary judgment as there are no genuine disputes regarding Parks' contractual obligation to pay the hospital bills incurred. Parks claims that because treatment was non-consensual, there is a genuine dispute of material fact as to whether she owes the amount. Parks also alludes to a question of fact as to whether she "freely or by undue influence signed any document obligating her to be financially responsible for unwanted medical services." She attached an affidavit to her response in which she makes no claims or contentions regarding her signing the Admission Agreement under duress, however. While Parks does contend she did not consent to the testing or procedures conducted at BMH-NM, she makes no claim by affidavit that her signature and agreement regarding financial responsibility was questionable. The Court cannot rely on unsubstantiated assertions to find a genuine dispute of material fact. See TIG Ins. Co., 276 F.3d at 759. Accordingly, the record supports the granting of summary judgment in this instance. Parks admits to being treated at BMH-NM. Parks signed the Admission Agreement that she was financially responsible for services rendered.[1] There is no dispute that the outstanding balance for services provided to Felicia Parks on June 6, 2010, was $1,722.95. The Court, therefore, grants summary judgment as to the balance of the medical bills as requested.

---

[1] Notably, the Admission Agreement, which Parks signed, additionally contains a "General Consent to Treatment and Tests" provision.

BMH-NM also requests attorneys' fees pursuant to the financial responsibility agreement. BMH-NM has requested one-third of the amount of the collected indebtedness pursuant to Mississippi case law. See Dynasteel Corp. v. Aztec Indus., Inc., 611 So. 2d 977, 987 (Miss. 1992). That case provides a presumption that attorneys' fees in that amount is reasonable. Therefore, $574.32 is a presumptively reasonable amount of attorneys' fees. Parks has failed to refute BMH-NM's request for attorneys' fees or the amount. Accordingly, the Court finds $574.32 a reasonable amount of attorneys' fees, and determines that pursuant to the Admission Agreement, that amount is awardable on summary judgment as well.

*Conclusion*

Felicia Parks incurred medical bills in the amount of $1,722.95, on June 6, 2010. Those amounts are due and owing by her pursuant to the Admission Agreement she signed. She also contractually owes $574.32 for attorneys' fees. Therefore, summary judgment is hereby granted to BMH-NM on their Counterclaim [8], and final judgment shall be entered against Felicia Parks in the amount of $2,297.27.

SO ORDERED, this the 19th day of August, 2013.

      /s/ Sharion Aycock
      **U.S. DISTRICT JUDGE**